UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEPHEN STOLTZ,**

    **Plaintiff,**

vs.                                                                                                      Case No.:

**PT STAR MANAGEMENT INC.**
*d/b/a* **PHASE THREE BRANDS,**
**a Florida Profit Corporation,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, STEPHEN STOLTZ, by and through his undersigned counsel, sues the Defendant, PT STAR MANAGEMENT INC. *d/b/a* PHASE THREE BRANDS, a Florida Profit Corporation, hereinafter referred to as "Defendant" or "PHASE THREE," and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff, STEPHEN STOLTZ, timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR) on or about October 18, 2019.

5. More than 180 days has passed since the filing of his charge.

6. Plaintiff has received the Notice of Right to Sue from the EEOC.

7. Defendant, PHASE THREE, is an employer as defined by the laws under which this action is brought and employ the required number of employees.

## PARTIES

8. Plaintiff, STEPHEN STOLTZ, is a resident of St. Petersburg, Pinellas County, Florida.

9. Defendant, PHASE THREE, is a Florida Profit Corporation, authorized to and conducting business in the State of Florida and conducting business in Hillsborough County where Plaintiff worked.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

11. At all times material herein, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff, STEPHEN STOLTZ, is 51 years old.

14. In or around December 2018, Plaintiff, STEPHEN STOLTZ, began his employment with PHASE THREE in Tampa, Hillsborough County, Florida as General Manager of a Hardee's Restaurant.

15. Plaintiff suffers from a disability which required him to seek medical treatment

approximately every other week.  Plaintiff would receive treatment on his days off, which Kathy Rodriguez (District Manager) was aware of.  Ms. Rodriguez would constantly inquire about Plaintiff's condition and try to guess what it was.  She finally guessed that Plaintiff has cancer and reported it to her Supervisor, Melinda Rafuse.

16. On or about September 9, 2019, Plaintiff informed Ms. Rodriguez that he needed to take half a day off due to chest pain, for which Plaintiff had available PTO.  Shortly after Plaintiff's return to work after taking half a day off, Ms. Rodriguez informed Plaintiff that Defendant was uncertain of his ability to continue in his position due to "health concerns."

17. Upon information and belief, an ad was placed online for Plaintiff's position almost immediately.

18. On or around October 3, 2019, Plaintiff disclosed that he believed that he was being discriminated against because of an actual or perceived disability, and was suspended pending investigation/termination for fabricated reasons.

19. On or around October 11, 2019, Plaintiff was terminated from his employment.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 – DISABILITY DISCRIMINATION

20. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 19.

21. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

22. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

23. By the conduct described above, Defendant engaged in unlawful employment

practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated Plaintiff because of his disability, record of a disability and/or perceived disability.

24. Defendant failed to provide Plaintiff with a reasonable accommodation to its leave policy and terminated him on the basis of his disability, record of a disability and/or perceived disability.

25. The above described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

26. Defendant's unlawful and discriminatory employment practices toward Plaintiff was intentional.

27. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, STEPHEN STOLTZ, prays for judgment against Defendant, PHASE THREE, and for the following damages:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

  e. Punitive damages;

  f. Attorney's fees and costs; and

  g. For any other relief this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

28. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 19.

29. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of his medical condition and for requesting an accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

30. The above described acts constitute retaliation, in violation of the ADAAA.

31. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, STEPHEN STOLTZ, prays for judgment against Defendant, PHASE THREE, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of

      dignity, and other intangible injuries;

    e.     Punitive damages;

    f.     Attorney's fees and costs; and

    g.     For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

32.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 –19.

33.     Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

34.     Plaintiff is an individual with a disability.

35.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability, record of a disability and/or perceived disability.

36.     Defendant failed to provide Plaintiff with a reasonable accommodation to its leave policy and terminated him on the basis of his disability, record of a disability and/or perceived disability.

37.     The above described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

38.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

39.     As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, STEPHEN STOLTZ, prays for judgment against Defendant,

PHASE THREE, and for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.    Punitive damages;

    f.    Attorney's fees and costs; and

    g.    For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

40.    Plaintiff realleges and adopts the allegations stated in paragraphs 1 –19.

41.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.  Specifically, Plaintiff was terminated after opposing discriminatory behavior toward him and after requesting an accommodation.

42.    The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

43.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, STEPHEN STOLTZ, prays for the following damages against Defendant, PHASE THREE:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

      d.      Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Costs and attorney=s fees;

      g.      Punitive damages; and

      h.      For any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

44.    Plaintiff requests a jury trial for all issues so triable.

**DATED** this 21st day of July, 2020.

                **FLORIN GRAY BOUZAS OWENS, LLC**

                */s/ Miguel Bouzas*
                **MIGUEL BOUZAS, ESQUIRE**
                Florida Bar No.: 48943
                miguel@fgbolaw.com
                Secondary:    gina@fgbolaw.com
                **WOLFGANG M. FLORIN, ESQUIRE**
                Florida Bar No.: 907804
                wolfgang@fgbolaw.com
                16524 Pointe Village Drive, Suite 100
                Lutz, FL 33558
                Telephone (727) 254-5255
                Facsimile (727) 483-7942

                *Trial Attorneys for Plaintiff*